IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHYLLIS NEWSOME, | CASE NO. CV-F-04-5335 LJO |
| Plaintiff, | **DECISION ON DEFENDANT'S ALTERNATIVE MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT** |
| vs. | (Doc. 23.) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

**INTRODUCTION**[1]

Defendant United States of America ("Government") seeks to dismiss plaintiff Phyllis Newsome's ("Ms. Newsome's") intentional infliction of emotional distress claim on grounds that his Court lacks jurisdiction in that the claim is preempted by the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101, et seq. Alternatively, the Government seeks summary judgment on grounds that a settlement agreement bars Ms. Newsome's intentional infliction of emotional distress claim and that evidence negates or fails to establish elements of her claim.

Ms. Newsome filed no timely opposition papers, and this Court deemed the Government's alternative motions to dismiss and for summary judgment submitted on the pending record and vacated

---

[1] Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States Magistrate Judge, and by a September 8, 2004 order, this action was assigned to United States Magistrate Judge Lawrence J. O'Neill for all further proceedings.

1

the May 5, 2006 hearing.² For the reasons discussed below, this Court:

1. GRANTS the Government's F.R.Civ.P. 12(b)(1) motion that this Court lacks jurisdiction over Ms. Newsome's intentional infliction of emotional distress claim;

2. In the alternative, GRANTS the Government summary judgment on Ms. Newsome's intentional infliction of emotional distress claim; and

3. VACATES all pending dates before this Court.

## BACKGROUND

### Ms. Newsome's Air Force Employment And Termination

On October 9, 2001, the United States Air Force ("Air Force") hired Ms. Newsome for a one-year probationary period to work as a secretary for Lieutenant Colonel Karen Mathews, M.D. ("Dr. Mathews"), a medical doctor at Edwards Air Force Base. On September 16, 2002, Ms. Newsome was notified that she would be terminated from her employment, effective September 27, 2002, due to inability to effectively perform her duties.

On September 23, 2002, Ms. Newsome entered into a settlement agreement with the Air Force by which she agreed "not to institute a lawsuit under the Civil Rights Act of 1964, Title VII, as amended, the Rehabilitation Act of 1973, under the United States Constitution, under **any other state or federal law**, or **further pursue this complaint** in any forum." (Bold added.) Under the settlement agreement, the Air Force permitted Ms. Newsome to continue employment for three months "with no reduction in grade or salary." The settlement agreement further provided for Ms. Newsome's voluntary resignation and removal of all termination references from her personnel records. The settlement agreement noted that it "constitutes the complete understanding between" Ms. Newsome and the Air Force and that "[n]o other promises or agreements will be binding unless signed by **BOTH** parties." (Emphasis in original.) The settlement agreement stated that it "sets forth the entire agreement between the parties." The settlement agreement concluded:

The undersigned acknowledge that each has read the Settlement Agreement in this

---

² In the absence of Ms. Newsome's opposition, this Court carefully reviewed and considered the entire record to determine whether the Government's alternative motions to dismiss and for summary judgment were well supported. Omission of reference to an argument, document, or paper is not to be construed to the effect that this Court did not consider the argument, document or paper.

2

matter. Ms. Newsome specifically states that she has carefully reviewed this Agreement, understands fully all provisions contained therein, and agrees with and accepts fully and unconditionally all terms of this Agreement.

Ms. Newsome continued her employment with the Air Force to December 28, 2002.

## Ms. Newsome's Claims

On February 27, 2004, Ms. Newsome filed her complaint in this action to allege a single cause of action for intentional infliction of emotional distress under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.  The complaint is a bit confusing in claiming "[t]his is an action . . . for negligence and recovery of damages under the jurisdiction" of FTCA.  In response to a request for admission propounded by the Government, Ms. Newsome admitted that her complaint alleges a single cause of action for intentional infliction of emotional distress under FTCA.  The complaint alleges that during 2002, Dr. Mathews "mentally abused the Plaintiff in her work environment performing duties" for Dr. Mathews to cause Ms. Newsome to suffer "severe and extreme emotional distress."

Ms. Newsome claims that she suffered emotional distress because Dr. Mathews:

1. Was abusive and angry by raising her voice, using a military tone, storming out of the room, telling Ms. Newsome that Ms. Newsome needed to shape up, and throwing up her hands;

2. Required Ms. Newsome to write performance evaluations for military personnel as opposed to simply editing and proofreading them;

3. Required Ms. Newsome to drive Dr. Mathews in Ms. Newsome's vehicle around Edwards Air Force Base;

4. Telephoned Ms. Newsome at home several times per week regarding work-related questions; and

5. Agreed with other supervisors who criticized Ms. Newsome's work performance.

Ms. Newsome claims the physical manifestation of her emotional distress comprises hypertension, headaches and stomach pain requiring medication and feelings of heart attacks.  Ms. Newsome claims no further physical ailments arising from emotional distress.  Ms. Newsome attributes Dr. Mathews as the sole source of emotional distress arising from her Air Force employment.

///

# THE GOVERNMENT'S F.R.Civ.P. 12(b)(1) MOTION TO DISMISS
# FOR LACK OF SUBJECT MATTER JURISDICTION

### F.R.Civ.P. 12(b)(1) Standards

The Government contends that this Court lacks jurisdiction in that FECA preempts Ms. Newsome's intentional infliction of emotional distress claim. The Government contends the complaint should be dismissed under F.R.Civ.P. 12(b)(1) which allows a motion to dismiss for lack of subject matter jurisdiction.

Fundamentally, federal courts are of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 341 (1994). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F. 2d 1221, 1225 (9th Cir. 1989). Limits on federal jurisdiction must neither be disregarded nor evaded. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396 (1978). A plaintiff bears the burden to establish that subject matter jurisdiction is proper. *Kokkonen*, 511 U.S. at 377, 98 S.Ct. 2396. This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for the court to assert subject matter jurisdiction over an action. *McNutt v. General Motors Acceptance Corp.*, 298 U.S 178, 189, 56 S.Ct. 780 (1936); F.R.Civ.P. 8(a)(1).

The United States Supreme Court in *Smith v. McCullough*, 270 U.S. 456, 459, 46 S.Ct. 338 (1926) explained:

> A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case unless the defect be corrected by amendment.

When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading. *Thornhill Publishing Co. v. General Telephone Electronics*, 594 F.2d 730, 733 (9th Cir. 1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3rd Cir. 1977); *Cervantez v. Sullivan*, 719 F.Supp. 899, 903 (E.D. Cal. 1989), *rev'd on other grounds*, 963 F.2d 229 (9th Cir. 1992). A defendant may also attack the existence of subject matter jurisdiction apart from the pleadings. *Mortensen*, 549 F.2d at 891. In such a case, a court may rely on evidence extrinsic to the pleadings and

resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993, 110 S.Ct. 541 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).

With these standards in mind, this Court turns to the merits of the Government's F.R.Civ.P. 12(b)(1) motion to dismiss.

### **FECA Applicability**

The Government argues that this Court lacks subject matter jurisdiction because Ms. Newsome's claim "is colorably covered by FECA," which compensates federal employees for injuries sustained during performance of their duties. To support its position, the Government cites to 5 U.S.C. § 8102, which requires compensation under requisite circumstances:

> (a) The United States shall pay compensation as specified by this subchapter for the disability or death of an employee resulting from personal injury sustained while in the performance of his duty, unless the injury or death is--
>
> (1) caused by willful misconduct of the employee;
>
> (2) caused by the employee's intention to bring about the injury or death of himself or of another; or
>
> (3) proximately caused by the intoxication of the injured employee.

As a federal employee, Ms. Newsome was subject to FECA. *See* 5 U.S.C. § 8101(1)(A) (definition of employee). When FECA applies, a federal employee must apply to the Secretary of Labor to pursue a claim. 5 U.S.C. § 8145.

FECA's exclusivity provision bars FTCA recovery:

> The liability of the United States . . . with respect to the injury or death of an employee is exclusive and instead of all other liability of the United States . . . to the employee . . . in a civil action, or in admiralty, or by an administrative or judicial proceeding under a workmen's compensation statute or under a Federal tort liability statute.

5 U.S.C. § 8116(c).

"The remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury or death." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993), *cert. denied*, 511 U.S. 1030, 114 S.Ct. 1537 (1994); *see Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) ("if compensation is available under FECA, all other statutory remedies for claims arising under the

same facts are preempted."), *cert. denied*, 540 U.S. 877, 124 S.Ct. 281(2003). "If a plaintiff has a colorable claim under FECA, the federal courts should dismiss any action arising under the same facts for lack of subject matter jurisdiction." *Moe*, 326 F.3d at 1068. "A plaintiff need only allege a colorable claim under FECA for our courts to lose jurisdiction over an FTCA action." *Moe*, 326 F.3d at 1068.

Application of FECA raises issues whether: (1) the injury is within FECA's scope; and (2) the plaintiff is entitled to compensation "under the facts of her case." *Moe*, 326 F.3d at 1068. Federal courts must determine as a question of jurisdiction whether an injury is within FECA's scope, that is, if an injury is the "type" covered by FECA. *Moe*, 326 F.3d at 1068. FECA covers "emotional distress when it results from physical injuries that FECA covers" as well as "psychological injuries when accompanied by physical injuries, regardless of the order in which they occur." *Moe*, 326 F.3d at 1069; *see Figueroa*, 7 F.3d at 1408 (emotional distress may be a disability when it arises from an employee's emotional reaction to an employment imposed requirement).

As noted by the Government, Ms. Newsome contends that her workplace emotional distress manifested in hypertension, headaches and stomach pains requiring medication and feelings of heart attacks. *See Moe*, 326 F.3d at 1069 (FECA preempted FTCA action where post-traumatic stress disorder aggravated federal employee's colitis). The record establishes that Ms. Newsome's alleged psychological injuries were accompanied by physical symptoms to fall within FECA's scope.

The second issue whether Ms. Newsome is entitled to compensation "under the facts of her case" requires determination whether injury occurred when "the employee was on the job." *Figueroa*, 7 F.3d at 1407. Such question "involves a question of 'coverage in and of itself,' and must be presented to the Secretary [of Labor] for initial determination." *Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir. 1990).

The Government points out Ms. Newsome's alleged injury arose from her Air Force employment. *See Figueroa*, 7 F.3d at 1408 (district court properly dismissed FTCA claim for stress from exposure to possible cancer causing chemicals). The Government concludes that Ms. Newsome has a colorable FECA claim which should be dismissed for lack of subject matter jurisdiction. The Government is correct. Ms. Newsome's alleged injuries arose from and are directly tied to her Air Force employment to render her claim colorably covered by FECA and to defeat this Court's subject matter

jurisdiction.

Although FECA precludes this Court's jurisdiction, this Court will address the Government's alternative summary judgment motion.

### THE GOVERNMENT'S SUMMARY JUDGMENT MOTION

As an alternative to dismissal for lack of jurisdiction, the Government seeks summary judgment on grounds that the settlement agreement bars Ms. Newsome's claim and that the evidence negates or fails to establish elements of her intentional infliction of emotional distress claim.

### Summary Judgment Standards

F.R.Civ.P. 56(b) permits a party against whom a claim is asserted to seek "summary judgment in the party's favor upon all or any part thereof." Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(e); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

On summary judgment, a court must decide whether there is a "genuine issue as to any material fact," not weigh the evidence or determine the truth of contested matters. F.R.Civ.P. 56(c); *Covey v. Hollydale Mobilehome Estates*, 116 F.3d 830, 834 (9th Cir. 1997); *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598 (1970); *Poller v. Columbia Broadcast System*, 368 U.S. 464, 467, 82 S.Ct. 486 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1313 (9th Cir. 1984). To carry its burden of production on summary judgment, a moving party "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000); *see High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990). "[T]o carry its ultimate burden of persuasion on the motion, the moving party must persuade the court that there is no genuine issue of material fact." *Nissan Fire,* 210 F.3d at 1102; *see High Tech Gays*, 895 F.2d

at 574. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

"If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire*, 210 F.3d at 1102-1103; *See Adickes*, 398 U.S. at 160, 90 S.Ct. 1598. "If, however, a moving party carries its burden of production, the nonmoving party must produce evidence to support its claim or defense." *Nissan Fire*, 210 F.3d at 1103; *see High Tech Gays*, 895 F.2d at 574. "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire*, 210 F.3d at 1103; *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323, 106 S.Ct. 2548 (1986) ("Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make the showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.")

F.R.Civ.P. 56(e) requires a party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." "In the absence of specific facts, as opposed to allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir. 1988). When a summary judgment motion is unopposed, a court must "determine whether summary judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990). A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but, rather must consider the merits of the motion." *United States v. One Piece of Real Property, etc.*, 363 F.3d 1099, 1101 (11th Cir. 2004). A court "need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by

evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

As discussed below, the Government's summary judgment motion is well supported, and the Government has met its summary judgment burden to demonstrate that the settlement agreement bars Ms. Newsome's intentional infliction of emotional distress claim and that evidence negates or fails to prove essential elements of Ms. Newsome's claim.

**Applicability Of State Law To FTCA Liability**

The Government argues that California law applies to Ms. Newsome's intentional infliction of emotional distress claim brought under the FTCA.

An action can be brought against the Government only to the extent that it waives its sovereign immunity. *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996); *Valdez v. United States*, 56 F.3d 1177, 1179 (9th Cir. 1995). The FTCA waives the Government's sovereign immunity to a suit for personal injuries caused by an "employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); *Washington v. United States*, 868 F.2d 332, 333 (9th Cir.), *cert. denied*, 493 U.S. 992, 110 S.Ct. 539 (1989); *see* 28 U.S.C. § 2674.

"The FTCA specifies that the liability of the United States is to be determined 'in accordance with the law of the place where the [allegedly tortious] act or omission occurred.'" *Rhoden v. United States*, 55 F.3d 428, 430 (9th Cir. 1995) (quoting 28 U.S.C. § 1346(b).); *see Carlson v. Green*, 446 U.S. 14, 23, 100 S.Ct. 1468, 1474 (1980) ("an action under FTCA exists only if the State in which the alleged misconduct occurred would permit a cause of action for that misconduct to go forward"). Under the FTCA, state law "applies not only as to the creation of liability but also as to release from liability." *Kee v. United States*, 168 F.3d 1133, 1136 (9th Cir. 1999); *Air Transp. Assoc. v. United States*, 221 F.2d 467, 471 (9th Cir. 1955).

**Release**

The Government contends that with the settlement agreement, Ms. Newsome released the Government of liability to bar her intentional infliction of emotional distress claim.

"It is the policy of the law to discourage litigation and to favor compromise and voluntary

settlements of doubtful rights and controversies, made either in or out of court." *Central Basin etc. Wat. Dist. v. Fossette,* 235 Cal.App.2d 689, 705, 45 Cal.Rptr. 651 (1965); *see also Stroman v. West Coast Grocery Co.*, 884 F.2d 458, 460-461 (9th Cir. 1989) (public policy favors settlement of employment claims), *cert. denied*, 498 U.S. 854, 111 S.Ct. 151 (1990).

California Civil Code section 1541 provides: "An obligation is extinguished by a release therefrom given to the debtor by the creditor, upon a new consideration, or in writing, with or without new consideration." Generally, "a written release extinguishes any obligation covered by the release's terms, provided it has not been obtained by fraud, deception, misrepresentation, duress or undue influence." *Skrbina v. Fleming Companies, Inc.*, 45 Cal.App.4th 1353, 1366, 53 Cal.Rptr.2d 481 (1996) (general release of employment law claims included discrimination claims); *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 463 (2nd Cir. 1998) ("Accordingly, we hold that the release is unambiguous, was knowingly and voluntarily entered into, and therefore bars the plaintiff from bringing the present action."); *Bledsoe v. Palm Beach Cty. Soil & Water Conserv.*, 133 F.3d 816, 819 (11th Cir. 1998) ("an employee can waive his 'cause of action under Title VII as part of a voluntary settlement agreement' if 'the employee's consent to the settlement was voluntary and knowing.'")

The Government points out that pursuant to the settlement agreement, Ms. Newsome agreed not to pursue litigation, and the Air Force permitted Ms. Newsome to continue her employment through December 28, 2002 with no reduction in grade or salary, and to voluntarily resign so she could pursue other federal employment. Ms. Newsome signed the settlement agreement to acknowledge that she carefully reviewed, understood and accepted "all terms." The evidence is clear that the settlement agreement extinguished Ms. Newsome's intentional infliction of emotional distress claim. Nothing suggests the settlement agreement was obtained by fraud, deception, misrepresentation, duress or undue influence, especially given that Ms. Newsome was allowed to continue her employment beyond the one-year probationary period and that her termination was treated as a voluntary resignation. The settlement agreement bars Ms. Newsome's intentional infliction of emotional distress claim.

**Intentional Infliction Of Emotional Distress Elements**

The Government further contends that the evidence fails to establish elements of Ms. Newsome's intentional infliction of emotional distress claim.

1    The elements of a cause of action for intentional infliction of emotional distress are: (1) defendant's outrageous conduct; (2) defendant's intention to cause, or reckless disregard of the probability of causing, emotional distress; (3) plaintiff's suffering severe or extreme emotional distress; and (4) an actual and proximate causal link between the tortious (outrageous) conduct and the emotional distress. *Nally v. Grace Community Church of the Valley*, 47 Cal.3d 278, 300, 253 Cal.Rptr. 97, 110 (1988), *cert. denied*, 490 U.S. 1007, 109 S.Ct. 1644 (1989); *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, n. 7, 233 Cal.Rptr. 308 (1987). The "[c]onduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Davidson v. City of Westminister*, 32 Cal.3d 197, 209, 185 Cal.Rptr. 252 (1982) (quoting *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593, 156 Cal.Rptr.198 (1979)). Conduct is extreme and outrageous when it is of a nature which is especially calculated to cause, and does cause, mental distress. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal.App.3d 590, 617, 262 Cal.Rptr. 842, 857 (1989).

There is no clearly defined standard to judge whether conduct is outrageous for purposes of the tort:

> Manifestly, the standard for judging outrageous conduct does not provide a "bright line" rigidly separating that which is actionable from that which is not. Indeed, it generally hazards a case-by-case appraisal of conduct filtered through the prism of the appraiser's values, sensitivity threshold, and standards of civility. The process evoked by the test appears to be more intuitive than analytical . . .

*Yurick v. Superior Court*, 209 Cal.App.3d 1116, 1128, 257 Cal.Rptr. 665 (1989).

While the outrageousness of a defendant's conduct normally presents an issue of fact to be determined by the trier of fact, the court may determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery. *Trerice v. Blue Cross of California*, 209 Cal.App.3d 878, 883, 257 Cal.Rptr. 338, 340 (1989); *Fowler v. Varian Associates, Inc.*, 196 Cal.App.3d 34, 44, 241 Cal.Rptr. 539 (1989).

The Government contends that the conduct of which Ms. Newsome complains "was not extreme and outrageous as a matter of law" in that Ms. Newsome simply claims Dr. Mathews:

1. Was abusive and angry by raising her voice, using a military tone, storming out of the room, telling Ms. Newsome that Ms. Newsome needed to shape up, and throwing up her

11

    hands;

2. Required Ms. Newsome to write performance evaluations for military personnel as opposed to simply editing and proofreading them;

3. Required Ms. Newsome to drive Dr. Mathews in Ms. Newsome's vehicle around Edwards Air Force Base;

4. Telephoned Ms. Newsome at home several times per week regarding work-related questions; and

5. Agreed with other supervisors who criticized Ms. Newsome's work performance.

The Government further contends that the evidence fails to establish Dr. Mathew's intentional or reckless conduct calculated to cause Ms. Newsome serious mental distress. "Intentional infliction of emotional distress requires conduct which is *especially calculated to cause* and does cause the claimant mental distress of a very serious nature." *Coon v. Joseph*, 192 Cal.App. 3d 1269, 1273, 237 Cal.Rptr. 873(1987) ("The fact that defendants' conduct had not been especially calculated to cause plaintiffs' distress was fatal to their claim.").

According to the Government, Ms. Newsome fails to demonstrate that she suffered severe or extreme emotional distress in that her distress is limited to hypertension, headaches, stomach pains and feelings of heart attacks. "Severe emotional distress means, then, emotional distress of such substantial quantity or enduring quality that no reasonable man in a civilized society should be expected to endure it." *Fletcher v. Western National Life Ins. Co.*, 10 Cal.App.3d 376, 397, 89 Cal.Rptr. 78 (1970).

The record negates and fails to support elements of Ms. Newsome's intentional infliction of emotional distress claim. Dr. Mathews' conduct cannot be characterized as unreasonably intolerable and demonstrates a supervisor's frustration with a subordinate's job performance, not outrageousness. The conduct of which Ms. Newsome attributes to Dr. Mathews fails to demonstrate an intent or reckless disregard of probability to cause emotional distress or Ms. Newsome's alleged physical symptoms. Although plaintiff claimed to suffer hypertension, headaches, stomach pains and heart attack feelings, such symptoms fail to substantiate severe or extreme emotional distress and suggest that they may be associated with matters outside of Ms. Newsome's Air Force employment. The Government has meet its burden to demonstrate it is entitled to summary judgment.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS defendant United States of America's F.R.Civ.P. 12(b)(1) motion that this Court lacks jurisdiction over plaintiff Phyllis Newsome's intentional infliction of emotional distress claim;

2. In the alternative, GRANTS defendant United States of America summary judgment on plaintiff Phyllis Newsome's intentional infliction of emotional distress claim;

3. DIRECTS this Court's clerk to enter judgment in favor of defendant United States of America and against plaintiff Phyllis Newsome and to close this action; and

4. VACATES the May 25, 2006 settlement conference, June 15, 2006 pretrial conference and July 25, 2006 trial.

IT IS SO ORDERED.

**Dated:   April 27, 2006**              /s/ Lawrence J. O'Neill
66h44d                                   UNITED STATES MAGISTRATE JUDGE